IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GOLAN MANAGEMENT, LLC, a Florida Limited Liability Corporation, )<br>)<br>)<br>  Plaintiff, )<br>)<br>vs. )<br>)<br>THE HARTFORD INSURANCE )<br>COMPANY, a Foreign Corporation, )<br>)<br>  Defendant. ) | Case Number CIV-11-0036-C |

MEMORANDUM OPINION AND ORDER

Plaintiff owns a 20-story commercial building in Oklahoma City, Oklahoma. In May of 2003, Golan engaged JBH Construction, Inc. ("JBH") to perform repairs to the building, including washing the concrete, which subcontracted to American Restoration and Waterproofing, Inc. ("AR&W"), a building maintenance company. Between August and September 2003, AR&W washed the exterior of the building, using a chemical mix. During September or October 2003, Plaintiff noticed the building's exterior glass and glazing system was damaged. The damage to the glass and glazing system was caused by the application of a heavy duty cleaner by AR&W during the power washing. Plaintiff sued AR&W and JBH for negligence in causing the damage to the glass and glazing system. After resolving that lawsuit, Plaintiff then made a claim against Defendant under the insurance policy issued by Defendant to Plaintiff on the building. Defendant denied that claim, finding that the loss was excluded by the provisions of the policy. Plaintiff then filed the present action seeking damages for breach of contract and bad faith.

Arguing that the undisputed material facts entitle it to judgment, Defendant filed the present Motion for Summary Judgment. Plaintiff filed a response and, in the same document, a cross-motion for summary judgment. Typically, Plaintiff's cross-motion would be stricken as it fails to comply with LCvR7.1. However, because the Court finds that Defendant is entitled to judgment, it is unnecessary to consider the merits of Plaintiff's request for judgment.

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992).

"The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The parties are in agreement that the determination of coverage is to be resolved under Oklahoma law. Under the governing law, "[t]he interpretation of an insurance contract and whether it is ambiguous is a matter of law for the Court to determine and resolve accordingly." Dodson v. St. Paul Ins. Co., 1991 OK 24, ¶ 12, 812 P.2d 372, 376; see also Harjo Gravel Co. v. Luke-Dick Co., 1944 OK 268, 153 P.2d 112. In a case such as this one, where the parties are in dispute as to the interpretation of the same term of an insurance contract, the Court must determine if the insurance contract is still unambiguous despite the parties' conflicting interpretations.

> Oklahoma's extant jurisprudence demarcates guidelines for ascribing meaning to an insurance policy's terms. Basically, an insurance policy is a contract. *When its terms are unambiguous and clear*, the employed language is accorded its ordinary, plain meaning and enforced so as to carry out the parties' intentions. In this process we are mindful that an insured and insurer are free to contract for that quantum of coverage which one is willing to extend and the other is willing to purchase. The parties are bound by the terms of their agreement and the Court will not undertake to rewrite the same nor to make for either party a better contract than the one which was executed.

Bituminous Cas. Corp. v. Cowen Constr., Inc., 2002 OK 34, ¶ 9, 55 P.3d 1030, 1033 (emphasis in original) (footnotes omitted). See also Idg, Inc. v. Continental Cas. Co., 275 F.3d 916, 921 n.2 (10th Cir. 2001).

Here, Defendant cites to various provisions of the policy which it argues exclude coverage for the losses suffered by Plaintiff. After review of the policy, the Court finds that one particular exclusion is clear and unambiguous and specifically excludes the loss suffered by Plaintiff. The policy is attached to Defendant's Motion for Summary Judgment (Dkt. No. 71) and, on Bates-stamped page 096, outlines the exclusions from covered causes of loss. There are first listed the general exclusions and then specific exclusions, specifically ¶ 28a which states: "We will not pay for the cost of correcting defects in Covered Property, or loss or damage to Covered Property that was caused by, resulting from, or arising out of work done on Covered Property by you, your employees, or others working on your behalf." It is undisputed that the damage to Plaintiff's building was caused by individuals working on Plaintiff's behalf. Further, the Court finds that this provision of the policy is clear and unambiguous and therefore it is to be enforced according to those terms.

Recognizing that the provision as written would prohibit coverage, Plaintiff attempts to argue around this fact, asserting that the damage was not caused by work being done to the glass, but by work being done to the building, and therefore the work did not fall within the scope of this coverage. The Court finds this argument unavailing, as when reviewing a provision of an insurance contract the Court should not use "a forced or strained construction," take "a provision out of context," or "narrowly focus[] on provision," Wynn v. Avemco Ins. Co., 1998 OK 75, ¶ 17, 963 P.2d 572, 575 (citing Dodson v. St. Paul Ins. Co., 1991 OK 24, ¶ 13, 812 P.2d at 376, "'so as to import a favorable consideration to either party than that expressed in the contract.'" State ex rel. Crawford v. Indemnity Underwriters Ins.

Co., 1997 OK CIV APP 39, ¶ 6, 943 P.2d 1099, 1101 (quoting Dodson, id.).  Simply put, the Court is prohibited from engaging in the narrow and strained construction urged by Plaintiff.  Rather, the clear and unambiguous terms of the contract dictate that when work is being performed on its building on behalf of Plaintiff, damages resulting from that work are not covered under Hartford's policy.  Because there is no coverage under the policy, Defendant did not breach the contract and did not engage in bad faith.

## CONCLUSION

For the reasons set forth herein, Defendant Hartford Fire Insurance Company's Motion for Summary Judgment (Dkt. No. 71) is GRANTED.  Plaintiff's cross-motion for partial summary judgment (Dkt. No. 75) is DENIED.  A separate Judgment shall enter.

IT IS SO ORDERED this 3rd day of May, 2012.

ROBIN J. CAUTHRON
United States District Judge